STATE, BY MILES LORD, ATTORNEY GENERAL, v.
FRANK S. BRADAC AND ANOTHER.

102 N. W. (2d) 34.

March 25, 1960—No. 37,655.

*Robins, Davis & Lyons* and *Arnold M. Bellis,* for appellants.
*Miles Lord,* Attorney General, *Paul A. Skjervold,* Deputy Attorney General, and *Rolf O. Slen,* Special Assistant Attorney General, for respondent.

FRANK T. GALLAGHER, JUSTICE.
Appeal from judgment of the district court in a condemnation proceeding.

The proceeding involves the taking of certain property of the appellants. The commissioners awarded $2,050 for parcel 16, which was taken in 1952, and awarded $456 for parcel 216, which was taken in 1955. On appeal to the district court the jury returned a verdict of $1,250 for parcel 16, and $675 for parcel 216. Appellant Frank S. Bradac represented himself in the district court as attorney pro se. During the course of the trial and subsequently, no exceptions were taken to the evidence introduced and no objections were made to the instructions given by the trial court, nor was any motion for a new trial entered.

On appeal here the appellants contend essentially two things, both involving the instructions given by the trial court; first, that the court committed prejudicial error in instructing the jury that it should consider any special benefits resulting to the remaining land and deduct the same from the amount of damages; second, that the court erred in failing to instruct the jury on the issue of damages due to a change of grade of Highway No. 36 and White Bear Avenue.

■ It is unnecessary to consider the merit of their contentions because we have held that despite errors of fundamental law or controlling principle, a trial court's charge to the jury becomes the law of the case and is not subject to attack or review on appeal when such fundamental errors have not been seasonably and adequately called to the attention of the trial court—such as by appropriate objection or exception—or have not, as a minimum requirement, been assigned for the first time as error in the motion for a new trial. Caballero v. Litchfield Wood-Working Co. Inc. 246 Minn. 124, 74 N. W. (2d) 404.

Appellants concede that this is the rule of law but argue that under the circumstances here, where substantive rights are involved, namely, the constitutional guarantee that they receive just compensation for land taken by eminent domain (Minn. Const. art. 1, § 13), procedural requirements cannot be placed before substantive safeguards. Appellants cite our recent case of State v. Higgin, 257 Minn. 46, 99 N. W. (2d) 902, in support of their proposition. There the court granted a new trial due to prejudicial and erroneous instructions even though

the error had not been pointed out to the court or assigned on a motion for a new trial. It must be noted, however, that the Higgin case involved a criminal prosecution. We have no such situation here.

The fact that a condemnation proceeding is involved does not justify an exception to the rule. The possible consequence of eliminating the necessity of procedural requirements in an eminent domain proceeding is serious indeed. If we were to eliminate such requirements, a property owner, inexperienced in trial procedure, could first take the chance of acting as his own attorney in his appeal from the commissioner's award. If the results were not as good as he expected, he could then ask for a new trial even though, because of lack of knowledge of standard trial procedures and rules, he never objected to any evidence introduced or to the instructions of the trial court nor did he move for a new trial. If, in the face of all that, he could still get a new trial, he would be in the somewhat enviable position of trying the case all over again, the next time, probably with an attorney, with the hopes that the results would then be better. In the instant case it appeared on oral argument that an attorney assisted appellants in preparing the necessary appeal papers from the commissioner's awards. The record is silent as to why an attorney did not assist in the trial.

■ Generally the only question to be reviewed on appeal from a judgment is whether the verdicts are reasonably supported by the evidence. Kedrowski v. Czech, 244 Minn. 111, 69 N. W. (2d) 337.

It appears from the record that the verdict was $800 less than the commissioners awarded as to parcel 16, although it was nevertheless substantially higher than the state's witnesses' testimony as to value. The verdict with respect to parcel 216 was $219 over the amount awarded by the commissioner. This was also substantially higher than the opinion of the state's witnesses and that of one of appellant's own witnesses. Under these circumstances we cannot say that the verdicts were so excessively low that they were not justified by the evidence. See, State, by Lord, v. Shirk, 253 Minn. 291, 91 N. W. (2d) 437.

Affirmed.