LUELLA HERBST AND ANOTHER v. VINCENT SUILMAN.

107 N. W. (2d) 45.

January 13, 1961—Nos. 38,046, 38,047.

*Daniel F. Foley,* for appellants.
*Moonan & Senn,* for respondent.

MAGNEY, COMMISSIONER.

In automobile collision cases, judgments were entered against plaintiffs, and they appeal.

Sufficiency of the evidence is not involved. The main contentions relate to the court's instructions to the jury.

At the close of the court's charge, no objections or exceptions were noted as to any matter contained therein and now set out in the motions for a new trial and in the assignments of error to this court.

In the motions for new trial, the only claimed error alleged in connection with the charge reads as follows:

"Errors of law occurring at the trial, and objected to at the time, and the following errors of law:

"a. In particular, the charge of the Court to the jury, which was likely to convey and reasonably does convey, an erroneous understanding of controlling principles of law."

No objection was in fact made and no exception taken to the charge. Since the claimed error set out in the motion for a new trial was not one with respect to fundamental law or controlling principle, plaintiffs were required to raise an objection before the jury retired, stating distinctly the matter to which they objected and the ground for such objection. They did not do so, and they cannot therefore assign such claimed error in the motion for new trial. Rule 51 of Rules of Civil Procedure.

Furthermore, the claimed error, if it in fact concerned fundamental law or controlling principle, is altogether too indefinite and vague, considering the many principles of law discussed by the court in the charge. What part or parts of the charge were "likely to convey * * * an erroneous understanding of controlling principles of law" are not specified. The court must have made many statements of law in the charge that cannot be questioned. If we should consider the claimed error, it must be held to be altogether too vague and indefinite to be a valid assignment of error. Murphy v. Collins, 155 Minn. 290, 193 N. W. 468; Knight Soda Fountain Co. v. Dirnberger, 192 Minn. 387, 256 N. W. 657. See, also, Adelmann v. Elk River Lbr. Co. 242 Minn. 388, 65 N. W. (2d) 661; State, by Lord, v. Bradac, 257 Minn. 467, 102 N. W. (2d) 34; Wozniak v. Luta, 258 Minn. 234, 103 N. W. (2d) 870.

In this court, plaintiffs assign as error the defining of proximate cause by the court to the jury as "predominant cause." This claimed error is not before us, but in order to keep the record straight it

should be stated that the court did not define proximate cause as a "predominant cause." In speaking of an efficient and independent cause interrupting a proximate cause, the court said that this interrupting cause must be one which "so predominates as a cause that the original negligence is no longer a substantial factor." The court, in those words, was not defining proximate cause.

Because of plaintiffs' failures in the respects set out, the judgments are affirmed.

Affirmed.