## JOSEPH A. DAIGLE v. TWIN CITY READY MIX CONCRETE COMPANY.

128 N. W. (2d) 148.

May 1, 1964—No. 39,080.

*Paul A. Skjervold,* for appellant.

*Meagher, Geer, Markham & Anderson, R. D. Blanchard,* and *O. C. Adamson II,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for damages for personal injuries arising out of an automobile accident. The jury returned a verdict in defendant's favor and this appeal is taken from an order denying plaintiff's subsequent motion for a new trial. The sole contention here is that the trial court erred in instructing the jury on the issue of contributory negligence and proximate cause in the following language:

"Contributory negligence is negligence on the part of a person who thereafter becomes a claimant for damages for alleged injuries to his person or to his property and which negligence, concurring in some degree with the negligence of another aids in proximately causing the damage of which the former thereafter complains. * * *

\*   \*   \*   \*   \*

"* * * The important question is whether the negligence of a driver contributed in some degree towards the happening of the accident, and by some degree is meant that the negligence, whatever its degree, was a proximate cause."

At the time these instructions were given, plaintiff made no objection and took no exception thereto. In his motion for new trial his only reference thereto was that there was—

"[e]rror in the Court's instructions to the jury with respect to fundamental law or controlling principle."

It is plaintiff's contention here that under the instructions given, if the jury found from the evidence even the "slightest want of care" on the part of plaintiff, it was obligated to find against him.

■ It is doubtful if the error assigned is even before this court for determination. Rule 51, Rules of Civil Procedure, in part provides:

"* * * An error in the instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court."

In construing this rule, this court has held that, where there are no requests for instructions and no objection or exception is taken to those given by the court and the motion for new trial fails to specify in what particular the instructions were erroneous as to controlling legal principles, there is nothing before this court for consideration. As stated in Herbst v. Suilman, 259 Minn. 292, 293, 107 N. W. (2d) 45, 46:

"Furthermore, the claimed error, if it in fact concerned fundamental law or controlling principle, is altogether too indefinite and vague, considering the many principles of law discussed by the court in the charge. What part or parts of the charge were 'likely to convey * * * an erroneous understanding of controlling principles of law' are not specified. The court must have made many statements of law in the charge that cannot be questioned. If we should consider the claimed error, it must be held to be altogether too vague and indefinite to be a valid assignment of error."

See, also, Murphy v. Collins, 155 Minn. 290, 193 N. W. 468; Knight Soda Fountain Co. v. Dirnberger, 192 Minn. 387, 256 N. W. 657; Adelmann v. Elk River Lbr. Co. 242 Minn. 388, 65 N. W. (2d) 661; State, by Lord, v. Bradac, 257 Minn. 467, 102 N. W. (2d) 34; Wozniak v. Luta, 258 Minn. 234, 103 N. W. (2d) 870; Olson v. Penkert, 252 Minn. 334, 90 N. W. (2d) 193.

■ Here the court's instruction gave cognizance to the rules governing contributory negligence and proximate cause which met with this court's approval in Kapla v. Lehti, 225 Minn. 325, 30 N. W. (2d) 685. There the court charged that if the two defendants were negligent they were both liable if their negligence contributed in "some degree" to the occurrence of the collision, and we stated (225 Minn. 337, 30 N. W. [2d] 692):

"We do not think that the charge is subject to the objection that it

permitted recovery based on slight negligence. The instructions should be considered as a whole in order to arrive at a correct estimate of their legal effect. The court made it clear that negligence is the failure to exercise due care and that negligence is not actionable unless it is a direct or proximate cause of the harm alleged. In effect, the court told the jury that unless Lehti's negligence, if any, directly or proximately caused plaintiff's injuries, plaintiff could not recover at all. Then the court told the jury that if both Salo and Lehti were negligent as so defined both were liable if their negligence contributed in *some degree* toward the happening of the collision. By *'some degree,' it was clearly meant that the negligence, whatever its degree, must be actionable*. Where an injury is caused by the concurrent negligence of several automobile drivers, the negligence of each is deemed a proximate cause of the injury, and each is liable for the resultant damage. Cooper v. Hoeglund, 221 Minn. 446, 22 N. W. (2d) 450; Walker v. Stecher, 219 Minn. 152, 17 N. W. (2d) 317; Wilson v. Davidson, 219 Minn. 42, 17 N. W. (2d) 31; Olson v. Neubauer, 211 Minn. 218, 300 N. W. 613; Bartley v. Fritz, 205 Minn. 192, 285 N. W. 484. The fact that the negligence of one defendant contributed more to the accident than that of another does not relieve the latter from liability. Edblad v. Brower, 178 Minn. 465, 227 N. W. 493." (Italics supplied.)

■ Craig v. Benedictine Sisters Hospital Assn. 88 Minn. 535, 93 N. W. 669, and Mockler v. City of Stillwater, 246 Minn. 39, 74 N. W. (2d) 118, relied upon by plaintiff, are distinguishable. In the former, the instruction held to be erroneous was that negligence "in any degree—even the slightest degree" contributing to the accident would bar recovery. In the latter, the instruction found incorrect specified that if plaintiff was "negligent in any degree whatsoever" and such negligence was a proximate cause of the accident the plaintiff could not recover. In holding this instruction erroneous, this court stated (246 Minn. 44, 74 N. W. [2d] 122):

"The rule of care which should be applied to contributory negligence is the same rule that is applied to negligence, to wit: such care as a person of ordinary prudence would exercise under the same or similar

circumstances. * * * We have stated that references in the charge to the jury with respect to the degree of negligence by use of words such as 'negligent in any degree whatsoever' or 'in the slightest degree' are objectionable."

In the instant case the court instructed the jury that contributory negligence was negligence "concurring in some degree" which is quite different from defining negligence as that concurring "in any degree—even the slightest degree" or "in any degree whatsoever," which definitions were held incorrect in cases cited by plaintiff. Further, the court was careful to point out that even though there might be some negligence on the part of plaintiff it must be shown that his negligence, whatever its degree, actually contributed toward the happening of the accident. This limitation imposed upon the jury the obligation of determining from the evidence that any negligence on the part of plaintiff, whether great or slight, must have been shown to have contributed to the accident before it could be held to bar plaintiff's recovery. We do not believe that this confused the jury or placed an undue burden upon plaintiff in establishing his cause.

Affirmed.