## TODD CLIFFORD, A MINOR CHILD, BY JOHN CLIFFORD, HIS FATHER AND NATURAL GUARDIAN, AND ANOTHER v. **EARL PETERSON.**

149 N. W. (2d) 75.

March 3, 1967—No. 40,028.

*Vennum, Newhall, Ackman & Goetz* and *James P. Martineau,* for appellants.

*Schermer & Gensler,* for respondent.

OTIS, JUSTICE.

This action was brought on behalf of a 6-year-old child for personal injuries sustained when he was struck by an automobile while crossing a highway in Bloomington, Minnesota. The jury returned a five-sixths verdict in favor of defendant, and plaintiffs appeal.

On September 9, 1963, sometime after 6 p.m., defendant was driving north on Nicollet Avenue past 85th Street when the minor plaintiff ran in front of his car from the left and was hit at the right front headlight. Defendant's vehicle stopped some 87 feet north of the intersection. Plaintiff was found lying near the curb about 10 or 15 feet behind the car.

■ Plaintiffs assign as error the exclusion of evidence that defendant falsely concealed his blindness in one eye when he applied for a driver's license. Plaintiffs contend that this testimony was not only proper impeachment but negatived any inference that the issuance of the license officially endorsed defendant's competence to drive. We are of the opinion that neither of the stated purposes required the evidence to be received. Clearly it was not impeachment since plaintiffs were not attacking the truth of the testimony which defendant had given in court. Extrajudicial falsehoods, being collateral to the trial, are not relevant. Plaintiffs having failed to show that a license would not have issued but for the misrepresentation, their objection that the jury would infer official approval of defendant's driving is not well taken. On this record plaintiff's offer of proof was properly refused.[1]

■ Defendant attempted to show through a police officer that an unidentified witness had stated that another driver nearly struck the plaintiff immediately before the accident. Two objections were sustained by the court, but ultimately the officer was permitted to state:

---

[1] Mahowald v. Beckrich, 212 Minn. 78, 81, 2 N. W. (2d) 569, 572; Knutson v. Nielsen, 256 Minn. 506, 518, 99 N. W. (2d) 215, 223; cf. Woole v. Jorgenson, 256 Minn. 462, 470, 99 N. W. (2d) 57, 62.

"Q. Well, was it from someone who appeared quite excited and disturbed because she had almost had an accident too, or he?

"A. No, this statement came from a witness, somebody that had been watching this other car almost hit the little boy."

Although both the question and answer were rank hearsay and clearly inadmissible,[2] there was neither an objection, motion to strike, request for a cautionary instruction, nor reference to it in the motion for a new trial. The objection was therefore waived.[3]

Plaintiffs also argue that the court erred in charging the jury with respect to the statute governing the right-of-way of pedestrians *between* intersections, Minn. St. 169.21, subd. 3, and in not reading the statute applicable to the right-of-way *at* intersections. § 169.21, subd. 2. No request was made by plaintiff to read the statute which he now asserts was erroneously omitted, and the evidence regarding the point of impact was sufficient to permit a finding that the accident occurred off the crosswalk. This assignment is therefore without merit.

■ A more serious and troublesome question is raised by the court's failure to advise the jury that if they found plaintiff violated a traffic statute it was not negligence per se but only prima facie evidence of negligence. § 169.96. Had plaintiff requested the charge, the refusal to give it would clearly have been reversible error. It was the duty of the court not only to read the statute but to elaborate on the meaning of the words "prima facie."[4] If the omission had been called to the court's attention, the charge would unquestionably have been given. The issue raised is whether the oversight was one involving fundamental law or controlling principle within the meaning of Rule 51, Rules of Civil Pro-

---

[2] Beck v. Dye, 200 Wash. 1, 8, 92 P. (2d) 1113, 1117, 127 A. L. R. 1022, 1027.

[3] Nye v. Kahlow, 98 Minn. 81, 83, 107 N. W. 733; Gourd v. County of Morrison, 118 Minn. 294, 299, 136 N. W. 874, 875; Underwood v. Town Board of Empire, 217 Minn. 385, 393, 14 N. W. (2d) 459, 463; Wilson v. Home Gas Co. Inc. 267 Minn. 162, 174, 125 N. W. (2d) 725, 733; Daigle v. Twin City Ready Mix Concrete Co. 268 Minn. 136, 138, 128 N. W. (2d) 148, 149.

[4] Satter v. Turner, 251 Minn. 1, 11, 86 N. W. (2d) 85, 92, 66 A. L. R. (2d) 1178; Minnesota Jury Instruction Guides, Instruction 302.

cedure, permitting such errors to be preserved by a motion for a new trial in the absence of objection or exception taken at the trial.

While the question is a close one, we have concluded that the omission does not here compel a new trial. In reaching this conclusion we think it is appropriate to observe that counsel has a duty both to the court and to his client to be vigilant in seeing that his case is submitted in a manner which is consistent with his theory of liability. Some inadvertent errors creep into the trial of every lawsuit.[5] Only where the omissions "destroy the substantial correctness of the charge as a whole," [6] cause a miscarriage of justice,[7] or result in substantial prejudice [8] on an issue "vital in the litigation" [9] will errors in the instructions be treated as fundamental and require a new trial without timely objection or exception. However, we do not here decide whether the failure to explain to the jury the effect of § 169.96 was an error of fundamental law since if plaintiff violated § 169.21, subd. 3, there was no evidence from which the jury could find any reasonable excuse or justification except the fact of plaintiff's age, as to which the charge was adequate. Under such circumstances we hold that the provisions of Rule 51 do not require the granting of a new trial.

Affirmed.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[5] Sauke v. Bird, 267 Minn. 129, 133, 125 N. W. (2d) 421, 424.

[6] Adelmann v. Elk River Lbr. Co. 242 Minn. 388, 396, 65 N. W. (2d) 661, 667.

[7] Sassen v. Haegle, 125 Minn. 441, 444, 147 N. W. 445, 446, 52 L. R. A. (N.S.) 1176.

[8] Anderson v. Mid-Motors, Inc. 256 Minn. 157, 163, 98 N. W. (2d) 188, 192.

[9] Staloch v. Belsaas, 271 Minn. 315, 328, 136 N. W. (2d) 92, 100.