## JOHN C. KILTY v.
## MUTUAL OF OMAHA INSURANCE COMPANY.

178 N. W. (2d) 734.

June 26, 1970—No. 41982.

*Cragg & Bailly* and *Robert S. Cragg*, for appellant.

*John H. Rheinberger*, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

This action was brought to recover certain medical expenses under a health and accident policy issued by defendant insurance company. Defendant claimed nonliability on the ground that the policy had been rescinded by mutual consent. The trial court instructed the jury that the alleged rescission was void and of no effect if secured by the insurer in bad faith or if induced by any misrepresentation on the part of the insurer. A verdict was returned for plaintiff in the amount of $3,499.58. The trial court entered brief findings of fact and conclusions of law confirming the verdict. There were no post-trial motions for judgment notwithstanding the verdict or for a new trial. Judgment was entered in favor of plaintiff, and defendant appeals only from that judgment.

■ On appeal from a judgment where there was no motion for a new trial or judgment notwithstanding the verdict, our review is limited to a consideration of whether the evidence sustains the verdict under any applicable rule of law. State, by Lord, v. Bradac, 257 Minn. 467, 102 N. W. (2d) 34; Kedrowski v. Czech, 244 Minn. 111, 69 N. W. (2d) 337; Nelson v. Swedish Hospital, 241 Minn. 551, 64 N. W. (2d) 38; Phelan v. Carey, 222 Minn. 1, 23 N. W. (2d) 10.

Defendant's contention on appeal is that it is entitled to judgment on any interpretation of the evidence because plaintiff accepted and cashed the check defendant tendered as a refund of all unearned premiums paid under the policy. Defendant asserts that this conduct constituted consent to rescission of the

policy as a matter of law under Peterson v. New York Life Ins. Co. 185 Minn. 208, 240 N. W. 659. The Peterson case did not involve the issue of bad faith or fraud on the part of the insurer in procuring consent to the rescission. In that case, there was compelling evidence of misrepresentation on the part of the insured in her application for insurance. There is no clear evidence of misrepresentation in the application for insurance in this case, of fraudulent concealment of medical history relevant to the application, nor of justifiable reliance by the insurer upon any such alleged misrepresentation. We must interpret the verdict in plaintiff's favor as a finding of no misrepresentation in the application for insurance which would bar recovery under the policy.

■ Where there is insufficient evidence of misrepresentation in an application for insurance to entitle the insurer to rescission, a factual question is raised as to whether an alleged rescission by consent is voidable because obtained through bad faith or fraud on the part of the insurer. Merchants & Farmers Mutual Cas. Co. v. St. Paul-Mercury Ind. Co. 214 Minn. 544, 8 N. W. (2d) 827; Id. 218 Minn. 386, 16 N. W. (2d) 463; Fox v. Bankers Life & Cas. Co. 61 Wash. (2d) 636, 379 P. (2d) 724; Annotation, 152 A. L. R. 95, 105, 138; 45 C. J. S., Insurance, § 448. There is adequate evidence in this record from which the jury could conclude that the insurer's attempt to procure a rescission by consent following presentation of insured's claim under the policy was not made in good faith.

Affirmed.