LaVONNE R. KINGSLEY, BY ERNEST L. KINGSLEY,
HER FATHER AND NATURAL GUARDIAN, AND
ANOTHER v. INDEPENDENT SCHOOL
DISTRICT NO. 2, HILL CITY.

251 N. W. 2d 634.

February 25, 1977—No. 46733.

*Donovan, McCarthy, Crassweller, Larson, Barnes & Magie* and *Robert H. Magie III*, for appellant.

*Ryan & Ryan* and *Michael F. Ryan*, for respondents.

PER CURIAM.

This is an action to recover damages for injuries suffered by the minor plaintiff in an accident involving the locker located on the school premises of defendant. At the time of the accident, the minor plaintiff was 17 years of age and in her junior year. There was a verdict for plaintiff. Defendant appeals.

The school is a three-story structure in which grades 7 through 12 are conducted. On each floor of the school were 5 or 6 units of 16 small lockers put together in a manner so as to form a coatrack. A locker section is 6 feet 5 1/2 inches in height, 6 feet in width, and 18 inches deep. The lockers involved in the accident were located in front of a transom on the third floor near the principal's office and across the hall from the library.

There was evidence that, despite school regulations, students placed books and clothes on top of the lockers. The principal and superintendent of the school testified they walked and patrolled the halls from time to time to enforce the regulations concerning objects on top of lockers and children going to the locker during class periods.

LaVonne Kingsley's assigned locker was on the third floor but not among those involved in the accident. She testified that on each of the 5 previous school days her coat had been removed from the hanger and

thrown on the floor or the top of another locker. She reported this fact to the principal, as did her mother.

Accompanied by her friend while returning to the library from the home economics room where she received an assignment, LaVonne noticed her coat in the transom above the locker unit in question. LaVonne testified she climbed up the locker section by stepping on the hasp (part of the locking device) and grabbed her coat and threw it down. After retrieving her coat, she jumped to the floor. Her class ring on her left finger she "guessed" got caught on a portion of the top of the locker. All the skin and underlying tissues from the base of the finger to the top were lost. The finger was completely denuded. All that was left was the muscle and the bone.

Plaintiff cross-examined the school janitor, who stated that he examined the locker a day or two before trial and found a protrusion of metal of about one-sixteenth of an inch at the top left corner of the locker unit. He further stated he found that where the top of the locker met the angle iron, which is the front structure post of the locker, there was a depression in which his finger became caught while passing over it. Defendant offered in evidence some pictures taken at the time of trial which show that strings from a dusting mop were snared in the depression or obstruction on top of the locker.

The jury, in answer to separate questions, found defendant negligent in the supervision of the students and in the maintenance of the school and that negligence to be the direct cause of plaintiff's injury. The jury found the minor plaintiff not negligent.

Defendant urges for reversal that there was insufficient evidence to sustain the jury verdict and that the admission of certain testimony hereinafter reviewed was an abuse of discretion requiring a new trial.

Substantial evidence was offered of removal and throwing coats around for some time prior to the accident. There was also evidence of an insufficient number of usable hangers for each student to properly hang his coat. It was uncontradicted that plaintiff complained to the principal about the fact that her coat had been removed on several occasions prior to the accident. No corrective measures were taken. It has been established in Sheehan v. St. Peter's Catholic School, 291 Minn. 1, 188 N. W. 2d 868 (1971), that if there is evidence from which the jury can find that supervision would probably have prevented the accident, recovery is permitted. The facts warranted the submission of the issue to the jury, and the resolution by the jury is supported by substantial evidence.

The school district concedes a school owes a duty to its students to use reasonable care to inspect and maintain its premises and equipment

and to protect its students from an unreasonable risk of harm from the conditions of the premises and equipment. Annotation, 34 A. L. R. 3d 1166. The school district contends for reversal, however, that there was no evidence as to what portion of the locker caused the injury or that the dangerous condition of the locker existed at the time of the accident. This position completely overlooks the dramatic testimony by a fellow student that after the occurrence he went to the scene and picked what remained of LaVonne's finger off the top of the locker at the point where she described the accident occurred. This testimony permitted the inference that the dangerous condition of the locker described by the janitor and disclosed in the pictures as in existence as of the date of trial was the same on the date of the accident. The facts on the issue of a failure to maintain and inspect adequately supported the finding on liability.

The trial court permitted over objection certain testimony by a student to the effect that school officials made a greater effort at discipline during the school year after the accident. The trial court made no reference to this testimony in its instruction to the jury. The school district urges the admission of this testimony was an abuse of discretion requiring a new trial. The rule is stated in Faber v. Roelofs, 298 Minn. 16, 22, 212 N. W. 2d 856, 860 (1973), as follows:

"Where the case is being tried to a jury, trial courts must exercise great caution in admitting evidence of repairs made or precautions taken after an accident for the purpose of showing the feasibility of precautionary measures. However, the trial court is entitled to weigh the need for such evidence against the risk that the jury may improperly infer negligence therefrom. Hence, the trial court's ruling on such evidence will be upheld except upon a showing of abuse of discretion."

This questioned testimony applied only to the issue of negligent supervision. There was otherwise ample evidence of a failure to adequately inspect and maintain to sustain the verdict. Also, there is no claim on this appeal that the amount of the verdict was due to passion and prejudice. Even though we were to conclude that the evidence was improperly admitted to support an inference of negligence, no cautionary instruction against such inference was requested. On this record, we are satisfied that its admission, if error, did not result in prejudice justifying a new trial.

Affirmed.