**Walter TIEMANN, as parent and natural guardian of Sandra Tiemann and Walter Tiemann, individually, Appellants,**

v.

**INDEPENDENT SCHOOL DISTRICT # 740, et al., Defendants and Third-Party Plaintiffs, Respondents,**

**and**

**American Gymnastics Supply Company, et al., Third-Party Defendants, Respondents.**

**No. C4–82–555.**

Supreme Court of Minnesota.

March 25, 1983.

Geoffrey J. Gempeler, St. Cloud, Meyer, Meyer & Pottratz, Melrose, for appellants.

Quinlivan & Williams, Kevin Spellacy and Gerald L. Hasselbrink, St. Cloud, for Independent School Dist. # 740, et al.

Lasley, Gaughan, Stich & Angell and John Angell, Minneapolis, for American Gymnastics Supply Co., et al.

PER CURIAM.

Plaintiff Sandra Tiemann was injured during a physical education class taught by defendant Carol Prijatel (teacher), an employee of defendant school district, while undertaking a vault over a vaulting horse manufactured by defendant AMF, Inc. Plaintiff Walter Tiemann brought this action for himself and on behalf of Sandra, his minor daughter. This appeal is from a directed verdict and judgment in favor of all the defendants.

As a result of certain evidentiary rulings (which we uphold as within the discretion of the trial court), plaintiff's only evidence of negligence on the part of the teacher and school district was testimony by Sandra that she was instructed to run toward the horse onto a springboard, jump toward the horse, put her hands on the horse, and jump over it with one leg on either side,[1] despite the fact the pommels (handles) on the horse had been removed, leaving two half-inch diameter holes in the surface of the horse. Sandra testified that she vaulted successfully several times, but then as she was performing another vault, one of her fingers stuck in a hole, causing her to fall on the wooden floor to the side of the horse and to sustain permanent injury to her right leg. Plaintiff at the same time claimed the teacher had provided insufficient matting around the horse to protect students from falls to the floor. As to defendant AMF, Inc., plaintiff alleged that manufacture of the horse, without warning of the danger posed by the holes, was negligence. At the close of plaintiff's case, the trial court directed a verdict for all defendants.

The major issue is whether the evidence was sufficient to allow the jury to infer negligence without the benefit of expert testimony. There is no question as to the standard of care required: "[A] school owes a duty to its students to use reasonable care to inspect and maintain its premises and equipment and to protect its students from an unreasonable risk of harm * * *." *Kingsley v. Independent School District No. 2, Hill City,* 312 Minn. 572, 574–75, 251 N.W.2d 634, 635 (1977).

We hold that, in the circumstances of this case, expert testimony is not essential, for a lay jury is capable of determining whether a teacher of ordinary prudence would use a vaulting horse despite the two holes in its surface.

There was evidence that it was the prevailing custom among physical education instructors to use vaulting horses with exposed holes. If the jury were to find such conduct to fall below the requirements of reasonable care, however, negligence could be found. "[A] negligent act will not be excused by the fact that it is customary." *Scattergood v. Keil,* 233 Minn. 340, 343, 45 N.W.2d 650, 653 (1951). We do not intimate that use of the horse with holes exposed was necessarily negligent, for we hold only that where reasonable minds might differ with respect to whether the harm was one which the teacher should reasonably have anticipated, the question of negligence is one of fact for the jury. *Greenwald v. Northern States Power Co.,* 226 Minn. 216, 221, 32 N.W.2d 320, 323 (1943). Similarly, the credibility of plaintiff's testimony and the likelihood that the accident happened as plaintiff described are questions for the jury to resolve.

As to defendants Prijatel and the school district, we reverse the judgment in their favor and remand for a new trial. We affirm the directed verdict and the judgment thereon in favor of defendant AMF, Inc., because we conclude insufficient evidence of negligence on the part of this defendant was shown.

Affirmed in part, reversed in part, and remanded.

---

1. The jury was shown films of college athletes performing the vault, so as to demonstrate further what was required of Sandra.