Marvin E. FALLIN, Appellant,

v.

MAPLEWOOD–NORTH ST. PAUL DIS-
TRICT NO. 622, et al., Respondents.

No. C4–83–1344.

Court of Appeals of Minnesota.

May 22, 1984.

Joseph H. Rivard, Rivard, Convery & Assoc., P.A., St. Paul, Douglas Peine, Edina, for appellant.

Mark A. Fonken, Jardine, Logan & O'Brien, St. Paul, for respondents.

Heard, considered, and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

This is a negligence case involving an injury in a high school woodshop class. The trial judge submitted the case to the jury on a special verdict. The jury assessed the plaintiff's damages at $80,000. The plaintiff and the defendants teacher and school district were found negligent. The plaintiff's negligence was found to be a direct cause of the injury; the defendants' negligence was found not to be a direct cause of the injury. The plaintiff appeals both the amount of the damages and the finding of non-causal negligence. We affirm in part and reverse in part.

### FACTS

During his senior year at Tartan High School, Marvin Fallin took an advanced wood working class. Fallin had taken a number of other shop classes where he had worked with power tools. According to his own testimony, he felt comfortable using table saws although he knew they were dangerous. Safety procedures, including the use of push sticks, were stressed in all the shop classes.

On March 15, 1978, Fallin was working on a class project: a chessboard. He had to make a notch 2 inches wide and a quarter inch deep in a 6 × 8 inch piece of particle board. He would then use the board as a pattern for the two-inch squares that would become the chessboard. To make the cut, a table saw is spun very rapidly towards the operator. Jeffrey Nelson, the class instructor, told Fallin to use the table saw but not to use the Brett Guard. The guard prevents wood from kicking back and injuring the operator. Fallin testified that Nelson told him not to use push sticks. Nelson testified that he would never have

told Fallin not to use push sticks and that he had a policy, which Fallin admitted he knew, that whenever a student's fingers would be within four inches of the saw blade, push sticks had to be used. Contrary to school policy, Nelson left the room as Fallin began cutting the notch. Just then, part of the board kicked back and severely injured Fallin's thumb.

■ There is no dispute that at all times Nelson was acting in the course and scope of his employment as a teacher for defendant school district. The act or failure to act of Nelson was the act or failure to act of the school district and, as such, chargeable to it under the doctrine of *respondeat superior.*

The appellant, Fallin, introduced four theories of negligence against Nelson and the school district. First, Nelson directed Fallin not to use the Brett Guard. Second, a router rather than a table saw should have been used. Third, Nelson did not direct Fallin to use a push stick. Fourth, Nelson was not in the room when Fallin was using the saw. The trial court instructed the jury only generally, but did not define the specific duty of care owed by both the teacher and the school district to the pupil.

The injuries to Fallin's thumb were debilitating. He has gone through several surgical procedures and therapy, but has not regained anything close to full use of the thumb. Fallin's doctor describes the thumb as 85% permanently disabled.

Fallin graduated from high school with the rest of his class. In spite of his injuries, Fallin found a job with a local factory. He began working for $4.00 per hour and by the time the factory closed in 1982, he was making $7.37 per hour. He has not found a job since the factory closed although he has looked roughly three times a week, the statutory minimum to receive unemployment compensation. Testimony was introduced that Fallin's injuries made him less employable. The parties stipulated that Fallin's medical expenses were $9,663.80 and his lost wages were $2,341.25. The jury found Fallin's damages to be $80,000.

## ISSUES

1. Were the damages awarded to Fallin manifestly contrary to the evidence?
2. Was the jury's finding of non-causal negligence on Nelson's part an inconsistent verdict?

## ANALYSIS

■ Generally, a jury verdict must be manifestly and palpably contrary to the evidence before the appellate court will overturn the verdict. *Templin v. Crestliner, Inc.,* 263 Minn. 149, 116 N.W.2d 178 (1962). Here, two parts of the verdict are at issue: 1) the amount of the damages and 2) the finding of non-causal negligence.

■ 1. The amount of damages is an issue so fraught with factual problems and subjective assessments that appellate courts are not prone to interfere with a jury's determination. *Busch v. Busch Const., Inc.,* 262 N.W.2d 377, 398 (Minn. 1977). A jury's award of damages will not be overturned if the evidence reasonably tends to support it. *Kuehl v. National Tea Co.,* 310 Minn. 48, 245 N.W.2d 235 (1976).

■ Here, the jury fixed Fallin's damages at $80,000. Considering the fact that he has been and presumably could again be employed at a fairly well-paying job, has looked no farther than necessary under the unemployment compensation laws for a new job, did not have a totally disabled thumb, and presented little evidence of actual psychological damage, we cannot conclude that the award of damages was unfair, let alone manifestly and palpably contrary to the evidence.

■ 2. School districts have a duty to protect their students. A school district

must be especially cautious when placing highly dangerous equipment, such as table saws, at the use of the students.

The school district owes a duty to "use reasonable care to inspect and maintain its premises and equipment and to protect its students from an unreasonable risk of harm from the conditions of the premises and equipment." *Kingsley v. Independent School Dist. No. 2*, 312 Minn. 572, 574, 251 N.W.2d 634, 635 (1977); *see also Teimann v. Independent School Dist. No. 740*, 331 N.W.2d 250, 251 (1983); *Raleigh v. Independent School Dist. No. 625*, 275 N.W.2d 572, 575 (1978). Within the standard of care placed upon the school district and its teachers, the plaintiff advanced various theories of negligence. The trial court's instructions gave only a general definition of negligence. The jury could not have known from this instruction what standard of care is required of a school district nor what the theories of negligence were under the circumstances. Ordinarily, if the appeal is from the judgment only, and there was no motion for new trial made, the trial court's instructions are not reviewable.[1] *Priewe v. Bartz*, 249 Minn. 488, 83 N.W.2d 116 (1957). An "error with respect to fundamental law and controlling principle" is reviewable notwithstanding the lack of an objection. *Anderson v. Mid-Motors, Inc.*, 256 Minn. 157, 98 N.W.2d 188 (1959). Errors are fundamental or controlling if they " 'destroy the substantial correctness of the charge as a whole,' cause a miscarriage of justice, or result in substantial prejudice." *Lindstrom v. Yellow Taxi Co.*, 298 Minn. 224, 229, 214 N.W.2d 672, 676 (1974). Such errors require a new trial. *Clifford v. Peterson*, 276 Minn. 142, 149 N.W.2d 75 (1967).

This court must view the instructions as a whole, from the standpoint of their impact on the jury. *Zurko v. Gilquist*, 241 Minn. 1, 62 N.W.2d 351 (1954). Here, the jury had only a general instruc-tion on negligence rather than a specific instruction on the school district's duty of care. Notwithstanding the fact that the plaintiff made no objections to the instructions, since the jury was given an incomplete instruction on the school district's duty of care and could not have known what the theories of negligence were under the circumstances, the fundamental correctness of the instruction was destroyed. A new trial to determine liability and, if applicable, comparative fault, must be granted.

## DECISION

The jury's determination of damages was not manifestly and palpably contrary to the evidence and is affirmed.

The jury could not have known what standard of care is required of a school district nor what theories the plaintiff presented. A new trial on the issue of liability is ordered with respect to both the plaintiff and the school district.

Affirmed in part and reversed and remanded in part.

---

1. We do note from the record that a motion for a new trial was made, but was not timely.