Georgianne **FREUDE**, Appellant,

v.

Cathy **BERZINS**, et al., Respondents.

No. C9–85–713.

Court of Appeals of Minnesota.

Dec. 24, 1985.

Georgianne Freude, pro se.

Brandon LaSalle, Eden Prairie, for respondents.

Considered and decided by PARKER, P.J., and FORSBERG and NIERENGARTEN, JJ., without oral argument.

## OPINION

PARKER, Judge.

Georgianne Freude brought an action to recover, for damages to her automobile arising out of a collision, in conciliation court. She lost and removed the case for a trial de novo in District Court. There, the trial court found that the driver of her car had been negligent, that the defendant driver was not negligent, and it awarded damages on defendants' counterclaim. Freude appeals from the judgment. We affirm.

## FACTS

This lawsuit arises out of an automobile accident occurring at the intersection of Olson Memorial Highway and Seventh Street in Minneapolis. Appellant Freude was riding as a passenger in her automobile; Jonathan Mudge, her son, drove the car under her direction and control. Appellant's car was proceeding southerly on Sev-enth Street, approaching Olson Memorial Highway. Respondents Cathy and Raimonds Berzins, co-owners of their automobile, were proceeding in a northerly direction on Seventh Street, approaching Olson Memorial Highway. Seventh Street, at that point, has three lanes of traffic; the Berzins were traveling in the center lane. Cathy Berzins attempted to make a left turn from the center lane, beginning her turn at a time when the traffic signal for the northerly bound Seventh Street traffic displayed a green arrow permitting left turns. Appellant's automobile struck the right rear portion of respondents' automobile, causing damages to it in the amount of $1,057.

The trial court found that appellant's driver failed to yield to respondent as she was completing her turn and caused the accident, that respondent driver was not negligent, and ordered damages for respondents in the amount of $250, plus costs and disbursements.

## ISSUE

Does the evidence sustain the findings of fact and do the findings of fact sustain the conclusions of law?

## DISCUSSION

Appellant did not make a motion for judgment notwithstanding the verdict or for a new trial but appealed directly from the judgment. In these circumstances, the scope of review

is limited to whether the evidence sustains the findings of fact and whether the findings of fact sustain the conclusions of law under "any applicable rule of law."

*Johnsrud v. Tri-State Sales, Inc.*, 353 N.W.2d 255, 257 (Minn.Ct.App.1984) (quoting *Kilty v. Mutual of Omaha Insurance Co.*, 287 Minn. 403, 404, 178 N.W.2d 734, 736 (1970)).

Rule 52.01 of the Rules of Civil Procedure provides, as to findings by the trial court:

Findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

Appellant apparently contests the trial court's finding that respondent driver Cathy Berzins attempted her left turn when the traffic signal displayed a left-turn arrow. Both respondents testified that the green arrow was displayed when they entered the intersection. Jonathan Mudge testified that the traffic light was green for him when he approached the intersection.

A traffic engineer testified that the green left-turn arrow and a green ball for the northerly bound Seventh Street traffic was displayed for 15.1 seconds, allowing such traffic on Seventh Street to proceed forward or left; the yellow left-turn arrow and green ball are then displayed for 3.6 seconds; during all this time the light is red for the southerly bound Seventh Street traffic. After the sequence, a green ball shows for both the northerly and southerly bound traffic for 39.2 seconds.

■ The trial court was entitled to believe respondents' testimony that the green arrow was displayed when respondent driver entered the intersection.

Appellant next contends that respondents were negligent as a matter of law because they turned left from the center lane. Minn.Stat. § 169.19, subd. 1(2) (1982), provides in relevant part:

Approach for a left turn on other than one-way roadways shall be made in that portion of the right half of the roadway nearest the center line thereof, and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center lane of the roadway being entered.

Because the respondents did not turn from the proper lane, and there were apparently no markings on the highway indicating they could turn from the center lane, they violated Minn.Stat. § 169.19, subd. 1(2).

■ The effect of violating a traffic law statute is as follows:

In all civil actions, a violation of any of the provisions of this chapter, by either or any of the parties to such action or actions shall not be negligence per se but shall be prima facie evidence of negligence only.

Minn.Stat. § 169.96 (1982). A violator of this statute has the burden of showing that there was justification for the violation or that it would not endanger another vehicle. Once the burden is met, the prima facie case ceases to have validity and is no longer present in the case as an evidentiary factor. The burden of going forward shifts back to the plaintiff. *Knudson v. Nagel*, 238 Minn. 186, 189–90, 56 N.W.2d 420, 422 (1952). The trial court could have found justification from the testimony of several witnesses. Raimonds Berzins testified he had made a left turn from the center lane previously, the traffic engineer that he has observed cars from both the left turn and center lanes turn left on the green arrow, and Jonathan Mudge that he observed traffic turning left from the center lane. Another passenger in appellant's vehicle testified that respondents' car had entered the intersection at the same time as the cars in the left turn lane of Seventh Street. The trial court was justified in finding that the respondent driver's decision to turn left from the center lane was reasonably justified, thus leaving it to the court as factfinder to determine whether the statutory violation constituted causative negligence. *Konkel v. Erdman*, 254 Minn. 307, 316, 95 N.W.2d 73, 79 (1959).

The trial court found that appellant's driver was negligent in failing to yield to respondent driver and that his negligence caused the collision. This finding implicitly recognizes that even if the turning car had been in the proper lane, the oncoming car would still have hit it. Therefore, the statutory violation was not a cause of the accident.

Appellant challenges the determination that respondents had the right of way. She first cites Minn.Stat. § 169.06, subd. 5(a)(1), which provides the rules for traffic facing a circular green signal. However,

since the trial court found that respondents had a green left-turn arrow, the more specific section governing rules for traffic facing a green arrow applies:

> Vehicular traffic facing a green arrow signal, shown alone or in combination with another indication, may cautiously enter the intersection only to make the movement indicated by such arrow, or such other movement as is permitted by other indications shown at the same time. Such vehicular traffic shall yield the right of way to pedestrians lawfully in the crosswalk and to other traffic lawfully using the intersection.

Minn.Stat. § 169.06, subd. 5(a)(2) (1982).

Minn.Stat. § 169.20, subd. 2 (1982), provides:

> The driver of a vehicle intending to turn to the left within an intersection * * shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

The question of which driver had the right of way is a question of fact. The court could have found from the evidence that respondents were lawfully in the intersection at the time of the collision and that appellant was not. The evidence here sustained the trial court's finding that appellant's driver failed to yield.

Appellant raises numerous other claims. Because this court is limited on an appeal from a judgment to determining only whether the evidence sustains the findings and the findings sustain the conclusions of law, we do not reach these issues. Appellant also moved this court specifying in more detail the relief requested. Because this decision affirms the trial court judgment, her motion is denied.

Respondents contended that appellant's appeal was not timely. We find that it was timely under Minn.R.Civ.App.P. 104.01.

## DECISION

The trial court's findings of fact are sustained by the evidence, and the conclusions of law are sustained by the findings of fact. We affirm the trial court's determinations that appellant's driver was negligent and the respondent driver was not negligent and its award of damages to respondents on their counterclaim in the amount of $250 plus costs and disbursements.

Affirmed.