VICTOR J. LAUER, TRUSTEE FOR THE
HEIRS OF STEVEN WILLIAM LAUER, v.
JOAN B. LOECKEN AND ANOTHER.

204 N. W. 2d 817.

February 16, 1973—Nos. 43606, 43607.

*Weis & Frauenshuh* and *Rainer L. Weis,* for appellant.

*Quinlivan, Williams, Johnson & Quinlivan* and *Richard R. Quinlivan,* for respondents.

Heard before Knutson, C. J., and Otis, MacLaughlin, and Olson, JJ.

MacLAUGHLIN, JUSTICE.

Plaintiff appeals from a judgment for the defendants and from orders denying his alternative motion for judgment notwithstanding the verdict or for a new trial and his motion for a new trial on the ground of newly discovered evidence.

The action was commenced to recover for the wrongful death of Steven Lauer, who was killed in an automobile collision. The jury returned a special verdict finding plaintiff's decedent 90 percent negligent and defendant driver 10 percent negligent. The issues on appeal concern numerous alleged errors occurring at trial, including the refusal to give a requested instruction.

The tragic accident in which Steven Lauer was killed occurred on August 3, 1969, on a gravel road near Farming, Minnesota. Decedent, accompanied by one passenger, was driving his car west on a county road at approximately 40 miles per hour. Defendant Joan Loecken was driving east on the same road at approximately 40 to 50 miles per hour and was also accompanied by one passenger. Defendant was following within 100 to 150 feet of a car being driven by one Charlene Hoffrath, who also had one passenger. The Hoffrath car was raising a large amount of dust, although defendant testified it was not obscuring her ability to see the Hoffrath car or the roadway. The Hoffrath car almost collided with the Lauer car as the two cars passed at a point where there was a slight incline and then a dip in the road. Defendant's car collided with the Lauer car at the top of the incline. The drivers and passengers of both defendant's car and the Hoffrath car testified that the Lauer car was traveling over the center of the road. The passenger in the Lauer car testified on direct examination that the Lauer car was on the proper side of the road, but on cross-examination admitted that at the time of the accident he was not watching the road and could not say where the Lauer car was with respect to the center of the road.

The only issue raised by plaintiff which merits discussion is

whether the trial court erred in refusing plaintiff's request to read Minn. St. 169.18, subd. 8(a), to the jury in his instructions. That section provides as follows:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway."

A party is entitled to reasonable instructions consistent with his theory of the case. However, there must be evidence to support the theory advanced by a litigant before he is entitled to an instruction, either specific or general, on the proposition involved in the theory. Manion v. Tweedy, 257 Minn. 59, 100 N. W. 2d 124 (1959). If plaintiff's theory is that defendant was traveling over the center of the road because she was following too closely behind the Hoffrath car, there is no evidence to support it. The evidence is uncontradicted that defendant was able to see the road and the Hoffrath car at all times. Further, there is no evidence that defendant's car was across the center of the road at the time of the impact, and there is considerable evidence that the Lauer car was over the center at the time the accident occurred.

Plaintiff argues that his basic theory of the case is that the accident would not have happened if defendant's car had not been following close behind the Hoffrath car, regardless of where defendant's car was located with regard to the center of the road at the time of the accident. He contends that, even if the Lauer car crossed the center of the road because of the inability of decedent to see the road due to the dust, the accident would not have happened if defendant's car had not been at the point where the impact occurred. We cannot but agree with the trial court's comment that this argument resembles one which maintains that no accident would have occurred if defendant had stayed in bed that day. In any event, plaintiff was completely free to argue his theories of the case to the jury, and did so. We have reviewed the instructions given by the trial court and hold that, taken in

their entirety, they correctly stated the applicable law. The trial court did not err in refusing the requested instruction.

The other issues argued by plaintiff also involve alleged errors occurring at the trial. We have carefully considered these arguments and find no errors which would require a new trial.

Affirmed.