MARGARET M. NICOSIA v. ROBERT MILLER AND ANOTHER.

224 N. W. 2d 147.

November 22, 1974—No. 44780.

*Peterson & Holtze* and *Paul M. Heim,* for appellants.
*Fitzgerald & Crandall* and *William A. Crandall,* for respondent.

Heard before Rogosheske, Todd, and Yetka, JJ., and considered and decided by the court en banc.

Per Curiam.

This is an appeal from an order denying defendants' motion for a new trial in a case arising out of a motorboat accident. Plaintiff, while riding as a passenger in a 17-foot runabout powered by a 150-horsepower engine, and owned by defendant Robert Miller and operated by his wife, defendant JoAnne Miller, was injured when the boat, under full power, ran aground and into a motel unit at Breezy Point Resort. At the close of plaintiff's evidence, defendants offered no direct testimony upon either the issue of liability or damages. The trial court granted plaintiff's motion for a directed verdict on liability, and upon submission of the issue of damages, the jury awarded plaintiff $53,000. On appeal, defendants contend that the evidence supports neither the court's finding of liability as matter of law nor the amount of the damages awarded by the jury.

We have carefully reviewed the record and are compelled to affirm. No proper purpose would be served in detailing the evidence. It is sufficient to say, as to liability, that, when the evidence is viewed as a whole and most favorably to defendants, the evidence relating to defendant operator's causal negligence in the loss of control of the boat so overwhelmingly preponderates in favor of plaintiff as to leave no doubt as to its factual truth even though there is some evidence which, if standing alone, would justify a verdict to the contrary. In such cases a directed verdict is compelled. See, McCormick v. Malecha, 266 Minn. 33, 122 N. W. 2d 446 (1963). As to the jury's award of damages, the undisputed factual and medical opinion evidence concerning the nature, extent, and permanence of plaintiff's injuries, principally to her right hand, adequately supports the amount awarded and the trial court's post-trial conclusion that "the jury's verdict was not excessive."

Affirmed.