Robert B. MARSHALL, Respondent,

v.

Timothy J. GALVEZ, et al., Appellants.

No. C6–91–1309.

Court of Appeals of Minnesota.

Jan. 28, 1992.

Daniel L. Hull, Vinje Law Office, Fargo, N.D., for appellants.

Kim E. Brust, David R. Bossart, Conmy, Feste, Bossart, Hubbard & Corwin, Ltd., Fargo, N.D., for respondent.

Considered and decided by HUSPENI, P.J., and PETERSON, and FOLEY *, JJ.

## OPINION

HUSPENI, Judge.

Appellant alleges the trial court erred when it found appellant negligent as a matter of law and directed a verdict for respondent in this personal injury action. We affirm in part, reverse in part and remand.

## FACTS

On the afternoon of September 19, 1987, appellant Timothy Galvez was driving northbound on highway I–94; respondent Robert Marshall was driving eastbound on highway I–694. It was raining. As appellant entered the ramp from I–94 to I–694, he slowed down to 40 m.p.h. and then to 20 m.p.h. before he began accelerating to merge into eastbound traffic on I–694. As he attempted to merge, appellant began to skid and lost control of his vehicle. Appellant spun out across the highway, hit the guardrail and collided head-on with respondent who was driving in the left lane of the highway. When respondent saw appellant's vehicle spinning toward him, he took evasive action. He veered left and struck the guardrail before impact with appellant. The parties stipulated that the collision with appellant injured respondent's neck and shoulders. Appellant did not sustain any injury from the accident.

At trial, appellant admitted that but for the fact that he lost control of his vehicle, the accident would not have occurred. He also testified that although his tires were somewhat worn, they did have legal tread on them. Respondent presented extensive testimony regarding his medical history and his injuries from the accident.

At the close of evidence, the trial court directed a verdict finding appellant negligent as a matter of law and the direct cause of the accident. By special verdict, the jury found respondent not negligent, and awarded him $219,552 in damages. Appellant moved for new trial or, in the alternative, remittitur, alleging the trial court erred when it directed the verdict and instructed the jury. The trial court denied that motion and entered judgment.

## ISSUES

1. Did the trial court err when it directed a verdict that appellant was negligent as a matter of law?

2. Did the trial court err when it instructed the jury on respondent's "pre-existing injury"?

3. Did the trial court err when it gave a curative instruction?

## ANALYSIS

### I.

In reviewing a verdict directed by a trial court, an appellate court must consider the record in its entirety, treating as credible the evidence contrary to the verdict and all inferences which may reasonably be drawn from such evidence. A trial court should direct a verdict for the party in whose favor the evidence is overwhelmingly predominant even if there is some evidence for the adverse party.

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn. Const. art. VI, § 2.

*Alevizos v. Metropolitan Airports Comm'n,* 452 N.W.2d 492, 502 (Minn.App. 1990), *pet. for rev. denied* (Minn. May 11, 1990). In addition, "this court must make an independent determination as to whether the evidence presented at trial was sufficient to present a factual question for the jury." *Oswald v. Law,* 445 N.W.2d 840, 842 (Minn.App.1989), *pet. for rev. denied* (Minn. Nov. 15, 1989).

The directed verdict should be reserved for the "exceptional case." *Borough v. Duluth, Missabe & Iron Range Ry. Co.,* 762 F.2d 66, 68 n. 1 (8th Cir.1985). The trial court should direct a verdict only

> where evidence so overwhelmingly predominates in favor of a party so as to leave no doubt as to an issue and it would clearly be the duty of the trial court to set aside a contrary verdict as being manifestly against the evidence.

*Alevizos,* 452 N.W.2d at 501–02. Except in those cases, the issue of negligence is for the jury. *Peterson v. Pawelk,* 263 N.W.2d 634, 636 (Minn.1978). For that reason, courts rarely direct verdicts for plaintiffs in negligence cases and generally leave the question to the jury. *See, e.g., Stahlberg v. Moe,* 283 Minn. 78, 84, 166 N.W.2d 340, 344 (1969) (reversing directed verdict for plaintiff on negligence issue; where more than one explanation for the injury existed and the jury could reasonably have accepted one of them, question of liability is for the jury); *Teas v. Minneapolis St. Ry. Co.,* 244 Minn. 427, 434–35, 70 N.W.2d 358, 363 (1955) (reversing directed verdict for plaintiff; only in "clearest cases" should negligence be determined as a matter of law).

In those rare cases when a directed verdict for plaintiff has been affirmed, the facts have allowed no other result. *See, e.g., Buck v. Dibble,* 281 N.W.2d 724, 728 (Minn.1979) (failure to yield right of way at city intersection); *Frey v. Montgomery Ward & Co.,* 258 N.W.2d 782, 787 (Minn. 1977) (commercial sale of goods; breach of seller's duty to warn); *Lee v. Lee,* 248 Minn. 496, 499, 80 N.W.2d 529, 533 (1957) (head-on collision due to defendant driving in middle of two-lane road as he went over a hill at full speed).

The conduct at issue here is a driver's loss of control of a motor vehicle. Minnesota courts have held that loss of control or skidding of a vehicle is not, by itself, negligence. *Svercl v. Jamison,* 252 Minn. 8, 9, 88 N.W.2d 839, 841 (1958); *Tuckner v. Chouinard,* 407 N.W.2d 723, 726 (Minn.App.1987).

> A driver may unavoidably lose control of his vehicle for a number of reasons other than negligence. It is a jury question whether, under the circumstances, respondent's actions constituted negligence.

*Tuckner,* 407 N.W.2d at 726.

The court has carved out that rule for situations involving deer jumping into oncoming traffic, *Tuckner,* 407 N.W.2d at 724, sudden patches of ice, *Brager v. Coca Cola Bottling Co.,* 375 N.W.2d 884, 887 (Minn.App.1985), and cases similar to appellant's case, involving wet, slippery roads. *Yellow Taxi Co. v. MacMillan,* 284 Minn. 531, 532, 169 N.W.2d 8, 9 (1969); *Svercl,* 252 Minn. at 12, 88 N.W.2d at 841.

We find particularly persuasive the analysis of the Minnesota Supreme Court in *Svercl,* 252 Minn. at 9, 88 N.W.2d at 841:

> [E]vidence of skidding on a slippery road, standing alone, is not enough to establish negligence. To hold otherwise would be to apply the doctrine of res ipsa loquitur in a class of cases where it obviously does not belong. However, in many of the cases of this type, the manner of driving prior to skidding and the control of the car both before and after skidding present a situation where an inference of negligence is permissible.

(Footnote omitted.) This record does not suggest negligent conduct per se. The focal point of the inquiry into appellant's conduct should be those moments immediately prior to the spin out. At trial, appellant testified that he had slowed down to 40 m.p.h. and then to 20 m.p.h. on the ramp. The roads were wet from the rain that day. He testified that as he began to merge into traffic, he began to skid and lost control of his car.

We agree that appellant had the duty to use appropriate care commensurate with

the road and driving conditions that day. Although his loss of control raises the inference of negligence, the task of weighing appellant's driving conduct and the weather factors is for the jury. This case does not present the calibre of facts which overwhelmingly preponderate in respondent's favor, such as the facts presented in *Nicosia v. Miller*, 302 Minn. 533, 534, 224 N.W.2d 147, 148 (1974). There, the court affirmed a directed verdict for plaintiff who incurred injuries as a result of the defendant's negligent driving of a motor boat. *Id.* In *Nicosia*, the driver ran the boat aground at full power and struck a motel unit. *Id.* at 534, 224 N.W.2d at 147. The defendant offered no direct evidence regarding liability or damages. *Id.* The *Nicosia* court found:

> [T]he evidence relating to defendant operator's *causal negligence in the loss of control* of the boat so overwhelmingly preponderates in favor of plaintiff as to leave no doubt as to its factual truth.

*Id.* at 534, 224 N.W.2d at 148.

This issue of causal negligence in the loss of control distinguishes *Nicosia* from appellant's case. The record here has not established that appellant's conduct prior to the spin out constituted negligence which then caused the spin out, collision, and injury to respondent.

It might also be argued that appellant violated Minn.Stat. §§ 169.20, subd. 4, 169.-201 (1986) because he lost control of his vehicle and failed to yield the right-of-way to respondent on the highway. However, violation of highway traffic regulations (Minn.Stat. ch. 169 (1986)) "shall not be negligence per se but shall be prima facie evidence of negligence only." Minn.Stat. § 169.96 (1986). This statute creates an exception to the general rule that violation of a statute is negligence per se. *Janssen v. Neal*, 256 N.W.2d 292, 294 n. 1 (Minn. 1977).

■ Once a prima facie case of negligence has been established, the burden of proof shifts to the violator to show excuse or justification for the violation. *Borris v. Cox*, 245 Minn. 515, 518, 73 N.W.2d 372, 374 (1955); *Freude v. Berzins*, 379 N.W.2d

174, 176 (Minn.App.1985). If the violator presents evidence which tends to show excuse or justification, the question of whether the violation constitutes negligence is for the jury. *Gertken v. Farmers Elevator of Kensington*, 411 N.W.2d 550, 554 (Minn.App.1987), *pet. for rev. denied* (Minn. Oct. 28, 1987).

The trial court denied appellant's motion for new trial because:

> There was no evidence presented on the record as the court saw it which would create a justifiable excuse for [appellant's] failure to maintain control of his motor vehicle.

Appellant admitted that he spun out, but for reasons beyond his control. He cited the wet roads and slippery conditions as a possible cause for the spin out. While appellant does not offer an "excuse" for the spin out, these facts do set out a reasonable alternative explanation. We note further that neither appellant nor respondent cited any specific negligent actions of appellant as he entered the freeway. This evidence was sufficient to present to the jury a factual question regarding appellant's negligence, and the trial court erred in finding appellant negligent as a matter of law. Because negligence should be a jury question, we remand for retrial on the issue of liability.

## II.

■ Minnesota law allows a person with a pre-existing injury to recover damages for aggravation of that condition, but recovery is limited to the additional injury over and above the pre-existing condition. *Schore v. Mueller*, 290 Minn. 186, 189, 186 N.W.2d 699, 701 (1971).

■ Respondent submitted an instruction which placed the burden upon appellant to prove that a pre-existing injury existed in order to limit respondent's recovery. The trial court adopted that instruction which read:

> If you find for [respondent] on the question of liability, and if you find that Robert B. Marshall, whose injuries are the subject of this action, had a pre-existing

injury or condition, and that [appellant's] conduct was a direct cause of an aggravation of such condition, it is your task as jurors to determine the amount which should be awarded to Robert B. Marshall to compensate for the additional injury caused by the aggravation.

If, however, the [appellants] have not produced any evidence that will enable you to determine that the damages are capable of some reasonable apportionment between Timothy J. Galvez's contribution and the pre-existing condition which was aggravated by it, then you may assume that Timothy J. Galvez was the cause of the entire damage.

In Minnesota, the jury instruction guidelines provide:

A person who has a defect or disability at the time of an accident is nevertheless entitled to damages for any aggravation of such pre-existing condition, even though the particular results would not have followed if the injured person had not been subject to such pre-existing condition. Damages are limited, however, to those results which are over and above those which normally followed from the pre-existing condition, had there been no accident.

4 Minnesota Practice, CIV. JIG, 163 (1986).

Appellant alleges the trial court erred when it instructed the jury on aggravation of a pre-existing injury. We agree.

While the instruction would have been appropriate and the burden of proof would have rightfully rested with appellant if *he* had raised the issue of aggravation of a pre-existing injury as a defense, he did not do so. It was respondent who raised the issue for the first time in his request for jury instructions. Respondent was entitled to that instruction only if the record contained evidence to support his theory of pre-existing injury. *Lauer v. Loecken*, 295 Minn. 345, 347, 204 N.W.2d 817, 818 (1973). After a full review of the record, we are hard pressed to find any evidence of respondent's pre-existing injury. To the contrary, each of the medical experts who testified concluded that respondent's current neck and shoulder injuries were distinct from his prior back problems. The trial court also recognized this lack of evidence when it considered the jury instruction:

I question if there is any evidence that the injury was an aggravation of pre-existing injury in any case. However, I will allow the instruction.

Furthermore, even if the record had contained some evidence, the special verdict form did not contain a question pertaining to aggravation of a pre-existing injury.

■ We are unable to discern why respondent raised the issue of aggravation of a pre-existing injury. We presume he wanted 100% compensation for his injury. All evidence at trial supports this presumption. While appellant complains about the instruction, it could have actually worked to his benefit and resulted in a reduction of damages which would have been unsupported by the record. Certainly, appellant was not prejudiced by the instruction. Neither was respondent since the jury awarded him the full amount of damages he sought. That fortunate result does not validate the given jury instruction, however. Appellant did not raise the issue of pre-existing injury as a defense and should not have to carry that burden of proof.

In any event, with the verdict in this case, the instruction was harmless error. Appellant may not rely on this claimed error for reversal of the award of damages.

### III.

■ Appellant next alleges the trial court abused its discretion when it gave the jury a curative instruction. Because appellant objected to the instruction for the first time upon motion for new trial, appellate review is limited to errors of fundamental law or controlling principles. Minn. R.Civ.P. 51; *Wadena v. Bush*, 305 Minn. 134, 151, 232 N.W.2d 753, 763 (1975). An error in jury instructions is fundamental or controlling if it destroys the substantial correctness of the charge as a whole, causes a miscarriage of justice, or results in substantial prejudice on an issue vital in

the litigation. *Clifford v. Peterson,* 276 Minn. 142, 145, 149 N.W.2d 75, 77 (1967).

The trial court had the discretion to determine whether counsel's closing argument required a curative instruction in order to "correct any erroneous impression which the jury might gain" from the argument. *Bartl v. City of New Ulm,* 245 Minn. 148, 153, 72 N.W.2d 303, 307 (1955).

During the pre-trial conference, the parties discussed the issue of insurance coverage as it related to respondent's ability to obtain physical therapy. While appellant acknowledges the discussion, he denies that the parties "agreed" not to discuss the issue at trial. During closing argument, appellant mentioned respondent's lack of physical therapy, intending to call into question the severity of his injuries. Respondent objected based on the alleged "agreement." The court struck counsel's remark and gave a curative instruction at the close of arguments:

> [T]he absence of physical therapy by [respondent] in 1990 may reasonably be explained by the lack of sufficient resources to attend such therapy.

Based on this record, the trial court acted within its discretion when it gave this curative instruction in an effort to eliminate the possibility of an erroneous inference by the jury. Further, even if we were to assume the court erred, this instruction does not rise to the level of fundamental error. It neither destroys the correctness of the charge, nor causes a miscarriage of justice, nor results in substantial prejudice on a vital issue.

## DECISION

When questions of fact existed for the jury, the trial court erred when it found appellant negligent as a matter of law and directed a verdict for respondent. Although the trial court abused its discretion in instructing the jury on aggravation of respondent's pre-existing injury when no evidence existed on record to support the instruction, the error was harmless in the context of this case. The trial court did not abuse its discretion when it gave the jury a

curative instruction. Remanded for retrial on issue of liability only.

Affirmed in part, reversed in part and remanded.