# STATE OF MINNESOTA
# IN COURT APPEALS
# C7-02-1302

Roger Stelter, et al.,
Appellants,

vs.

Chiquita Processed Foods, L.L.C., et al.,
Respondents.

**Filed April 1, 2003**
**Reversed and remanded**
**Gordon W. Shumaker, Judge**

Steele County District Court
File No. C4991002

Michael A. Zimmer, Tina M. Dobbelaere, Tewksbury, Kerfeld, Zimmer, 88 South 10th Street, Suite 300, Minneapolis, MN 55403 (for appellants)

Scott Ballou, Brownson & Ballou, P.L.L.P., 225 South Sixth Street, Suite 4800, Minneapolis, MN 55402 (for respondents)

Considered and decided by Randall, Presiding Judge, Shumaker, Judge, and Wright, Judge.

## S Y L L A B U S

1.      Error in a court's refusal to give a res ipsa loquitur jury instruction is preserved for review through a motion for judgment notwithstanding the verdict.

2.      When evidence shows prima facie that the accident is of a type that does not usually happen absent negligence; the instrumentality that caused the accident was in the defendant's exclusive control; and the plaintiff did not contribute to the accident, the

plaintiff is entitled to a res ipsa loquitur jury instruction.

3.    A court's failure to give a jury instruction to which a litigant is entitled is a fundamental error of law; if such failure affected the outcome of the case, the litigant has been prejudiced and is entitled to a new trial.

**O P I N I O N**

**GORDON W. SHUMAKER**, Judge

Appellant was injured in respondent's factory when he fell into a drainage gutter after a safety grate over the gutter buckled. The evidence showed that respondent had exclusive control over the grate and that the grate could not fall into the gutter if it had been properly set in place. There was no evidence that appellant moved or lifted the grate. The district court refused to instruct on res ipsa loquitur. The jury found neither party negligent. The court denied appellant's motion for judgment notwithstanding the verdict. Because the court's failure to give a res ipsa instruction was fundamental error and that the damages award was perverse, we reverse and remand.

**FACTS**

Appellant Roger Stelter sued respondent Owatonna Canning Co. (now Chiquita Processed Foods) for damages after he fell into a drainage gutter in Chiquita's factory. At his jury trial, Stelter asked the district court to give a res ipsa loquitur instruction on the issue of negligence. The court refused. The uncontradicted liability facts follow.

There were drain gutters in the floor near the corn-cutting machines in Chiquita's canning factory. The gutters were covered with steel safety grates that fit into grooves so that they would lay flush with the floor. The grates were designed to support the weight of people walking or standing on them. There is enough room between the edges of the grates and the walls of the gutters to allow the grates to move slightly, but they will not slip off the supporting shoulders if they are properly set in place. The grates are

not bolted into place and can readily be lifted off the gutters for cleaning. Only Chiquita employees clean the gutters, and they are responsible for properly replacing the grates when they finish cleaning.

Stelter and Henry Keizer, food inspectors for the state department of agriculture, conducted a surprise inspection of Chiquita's factory on September 17, 1997. They identified areas that needed correction and returned the next day for a reinspection. During the reinspection, Chiquita's quality-assurance manager, James Hermes, accompanied them.

Stelter decided to examine a particular corn cutter. There was a safety grate covering the drain gutter near the machine. Stelter glanced at the grate and "[i]t had the appearance of being okay." He put the weight of one leg on the grate, and it held up and did not move or wobble. When he placed his full weight on the grate, he stated:

> I looked down at the floor to see that there was a grate over the gutter, which I saw there was. I put my foot on the grate, and then I leaned around to look to my left to see if that area had been cleaned up behind the cutter, and when I leaned forward and turned to the left * * * the grate over the top buckled down into the gutter, and then I fell * * * .

According to Stelter, the grate slipped down into the gutter at an angle and his foot followed. He injured his leg in the fall.

Neither Kaiser nor Hermes directly saw Stelter's fall, but they observed events and conditions that followed. Kaiser was five or six feet away and saw some movement in his peripheral vision. When he turned to look in the direction of the movement, he saw that Stelter had one foot in the gutter. When Hermes looked, he noticed that the grate "was tilted on its side partially down in the trough and partially hung up by one of the cross-members on the side." Hermes testified that if grates are properly put into place they cannot fall into the drain gutter.

Chiquita plant manager Judd Rux also testified that, if grates are properly placed over the gutter, they cannot fall into the gutter. Hermes testified that only one size grate was used in the area and that this grate seemed to properly fit the gutter.

There is no evidence that the grate bent or broke, or that Stelter lifted or removed the grate prior to his fall. Although Stelter suggested that the grate might have been too small for the gutter, the testimony was to the contrary.

On these liability facts, the district court refused Stelter's request for a res ipsa loquitur jury instruction. In its special verdict, the jury found that neither Chiquita nor Stelter had been negligent. The jury also awarded special damages for medical expenses and wage loss, but awarded nothing for past or future pain and disability. The district court denied Stelter's motion for judgment notwithstanding the verdict.

Stelter assigns as error the district court's refusal to give the res ipsa loquitur instruction and challenges the jury's damages award as perverse. Chiquita concedes that the damages award was perverse, but contends that the improper award is of no significance because there was no evidence of Chiquita's negligence.

## ISSUE

When the evidence showed that Chiquita had exclusive control of a safety grate on which appellant was injured; that the grate could have caused the injury only if it had been improperly set in place; and that Stelter did not lift or move the grate before his injury, was it error for the district court to refuse to give a res ipsa loquitur jury instruction?

## ANALYSIS

A litigant preserves for review on appeal the district court's alleged error in failing to give a requested jury instruction if the error is the subject of a motion for judgment notwithstanding the verdict. *See Hubenette v. Ostby*, 213 Minn. 349, 349-53, 6

N.W.2d 637, 638-39 (1942). The district court's failure to properly instruct on a specific doctrine of law ordinarily constitutes fundamental error. *See Donald v. Moses*, 254 Minn. 186, 194, 94 N.W.2d 255, 261 (1959). Even if the court has committed fundamental error, reversal is not required unless the failure to instruct results in prejudice to the requesting party. *Lewis v. Equitable Life Assurance Soc'y of the United States*, 389 N.W.2d 876, 885 (Minn. 1986).

By the conclusion of the case, Stelter had presented evidence to support one of his theories, namely, that, inferentially, Chiquita was negligent for failing to properly place the grate over the gutter. Based on this evidence, he requested the res ipsa loquitur instruction.

"Res ipsa loquitur" translates as "the thing or situation speaks for itself" and that it is "merely another way of characterizing the minimal kind of circumstantial evidence which is legally sufficient to warrant an inference of negligence." *Olson v. St. Joseph's Hosp.*, 281 N.W.2d 704, 708 (Minn. 1979) (quoting *Hestbeck v. Hennepin County*, 297 Minn. 419, 424, 212 N.W.2d 361, 365 (1973)). The purpose of the doctrine is

> to assist plaintiff in discharging his obligation to make out a prima facie case of negligence and to aid the jury in performing its fact finding function.

*Id.*

Res ipsa "rests upon inference and not on presumption." *Johnson v. Coca Cola Bottling Co.*, 235 Minn. 471, 476, 51 N.W.2d 573, 576 (1952) (citations omitted). It permits an inference of negligence that the fact-finder is not required to adopt. *Stahlberg v. Moe,* 283 Minn. 78, 83, 166 N.W.2d 340, 344 (1969).

There are three elements of res ipsa loquitur:

> Under Minnesota law, a plaintiff must establish three things with regard to the event resulting in his injury before he may submit his claim to the jury on the theory of res ipsa

> loquitur: (1) The event must be of a kind which ordinarily does not occur in the absence of someone's negligence; [2] it must be caused by an agency or instrumentality within the exclusive control of the defendant; and [3] it must not have been due to any voluntary action or contribution on the part of the plaintiff.

*Warrick v. Giron*, 290 N.W.2d 166, 169 (Minn. 1980) (citation omitted).

Before a litigant is entitled to a jury instruction on the theory of a claim or defense, there must be evidence to support that theory. *Weiby v. Wente*, 264 N.W.2d 624, 629 (Minn. 1978); *see also Lauer v. Loecken*, 295 Minn. 345, 347, 204 N.W.2d 817, 818 (1973). Once a plaintiff makes a prima facie case for res ipsa loquitur, the instruction must be given. *See Stearns v. Plucinski*, 482 N.W.2d 496, 498 (Minn. App. 1992), *review denied* (Minn. Apr. 29, 1992).

Initially, the district court must assess the evidence to determine whether there is sufficient evidence of the three elements. *Fleming v. Hallum*, 350 N.W.2d 417, 420 (Minn. App. 1984). If the evidence is sufficient, the instruction is to be given, and it is then a question for the "jury to find whether or not facts exist that will support the application of the res ipsa loquitur theory." *Olson*, 281 N.W.2d at 709.

*First Element*

The first element of res ipsa loquitur requires that the occurrence be of a type that does not ordinarily happen unless someone has been negligent. Stelter's claim is that a safety grate that is designed to hold a person's weight does not collapse unless it is the wrong size or has been improperly set in place.

To support the first element, Stelter produced evidence that the grate was designed so that people could stand and walk on it. He testified that the grate buckled when he stood on it. One witness saw Stelter's foot in the drain gutter. His foot could not have fallen into the gutter unless the grate moved or was moved. Chiquita's quality-

assurance manager saw the grate angled into the gutter. Stelter adduced admissions from Chiquita's employees that if the grates are properly set in place, they cannot buckle into the gutter. The inference Stelter invites as to the first element is that the grate buckled because of negligent placement, since grates do not buckle absent negligent placement. Stelter produced sufficient evidence to establish prima facie the first element.

*Second Element*

The second element of res ipsa loquitur is that the instrumentality that caused the injury must have been within the defendant's exclusive control. Chiquita's quality-assurance manager testified that the factory's sanitation workers are responsible for cleaning the gutters and for replacing the grates when they finish. The plant manager testified that only Chiquita employees remove or replace the safety grates in the factory.

Chiquita argues that inspectors, such as Stelter, are permitted to remove grates to inspect gutters and, thus, exclusivity of control is lacking. However, it is uncontroverted that no one saw Stelter lift the grate just before his fall, and he testified that he did not touch the grate. Without some evidence that Stelter himself might have removed the grate, a prima facie showing of exclusive control is not negated: "An inference of negligence based on an inferred fact of which there is neither evidence nor predominating probability cannot safely be made." *Collings v. N.W. Hosp.*, 202 Minn. 139, 144, 277 N.W. 910, 913 (1938) (citations omitted). Furthermore, exclusivity is sufficiently shown if the defendant had control of the instrumentality at the time of the negligent act, even if control might have not been exclusive when the injury occurred. *Johnson*, 235 Minn. at 478-79, 51 N.W.2d at 577. Prior to the moment of Stelter's fall, Chiquita employees had exclusive control over the safety grate. Under Stelter's theory, someone improperly set the grate in place prior to his fall. He produced sufficient prima

facie evidence on the second element.

*Third Element*

The final element of res ipsa loquitur is that the injury must not have been caused by the plaintiff.

Chiquita focuses on Stelter's previously existing disability in his leg to invite the inference that Stelter's physical infirmity caused or contributed to his fall. If this were a simple trip or slip-and-fall case, that evidence would likely negate the third res ipsa element, because the doctrine does not apply if causes beyond the exclusive control of the defendant are equally likely to have produced the injury. *See Spannaus v. Otolaryngology Clinic*, 308 Minn. 334, 337, 242 N.W.2d 594, 596 (1976). But there is no evidence or reasonable inference to be drawn that Stelter's disability caused the grate to buckle. There is no evidence of Stelter's involvement, other than his testimony that he stood on the grate and it collapsed. Stelter has made a prima facie showing that satisfies the third element.

*Prejudice*

Because Stelter established prima facie all the elements of res ipsa loquitur, he was entitled to a jury instruction on the doctrine. The district court committed fundamental error of law by refusing to give the instruction.

Without the res ipsa instruction, Stelter was deprived of the opportunity to prove Chiquita's negligence through the inference the doctrine is designed to permit The deprivation was augmented when the court instructed that the mere fact that an accident has occurred does not mean that anyone has been negligent. 4 *Minnesota Practice*, CIVJIG 25.55 (1999). The latter instruction was not improper. And it would have been

proper to give in combination with a res ipsa instruction. *Stearns*, 482 N.W.2d at 498. But the combined failure to give the res ipsa instruction and the giving of the "mere accident" charge resulted in prejudice to Stelter.

## D E C I S I O N

The district court's refusal to give a res ipsa loquitur jury instruction constituted prejudicial fundamental error and Stelter is entitled to a new trial.

**Reversed and remanded.**